IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**KANAWHA COUNTY BOARD OF EDUCATION,**
**Employer Below, Petitioner**

**FILED**
**February 2, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 22-ICA-136     (JCN: 2022008174)**

**DARNELL D.,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Kanawha County Board of Education ("County BOE") appeals the August 29, 2022, order of the Workers' Compensation Board of Review ("Board"). Respondent Darnell D.[1] did not file a response brief.[2] The issue on appeal is whether the Board erred in reversing the claim administrator's order that rejected Mr. D.'s workers' compensation claim as noncompensable.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. D. is a thirty-eight-year-old parent assistant for Kanawha County Schools. Mr. D. alleges that on October 20, 2021, he was assisting the school janitor lift an oversized grocery cart into a dumpster at school. Upon tipping the cart into the dumpster, he felt a sharp pain in his abdominal and groin regions. Mr. D. finished his shift and went on to his second job as an after-school childcare provider at another school. During this second shift, Mr. D. experienced excruciating pain in his testicles. After returning home, Mr. D. observed that the vein connected to his right testicle was tender and enlarged.

On October 21, 2021, Mr. D. presented to the emergency room at Charleston Area Medical Center ("CAMC") where he underwent an ultrasound procedure. Following examination, Mr. D. was diagnosed with right testicular pain and a small left varicocele. Later that day, Dr. Hytem Abad, M.D., a CAMC physician, completed a physician's report

---

[1] Consistent with West Virginia practice in cases with sensitive facts, we use initials to protect the identities of those involved. *See, e.g.*, *B.J.R. v. Huntington Alloys Corp.*, No. 20-0548, 2022 WL 123125, at *1 n.1 (W. Va. Jan. 11, 2022) (memorandum decision).

[2] Petitioner is represented by Charity K. Lawrence, Esq. Respondent is self-represented.

of occupational injury, reflecting that Mr. D. sustained an occupational injury to the right testicle. Mr. D. filed a workers' compensation claim the next day.

In support of his claim, Mr. D. submitted an undated letter signed by Mr. Eric Mullins, the janitor who was with Mr. D. at the time of the injury. In the letter, Mr. Mullins confirmed that he and Mr. D. lifted a grocery cart into a dumpster. However, Mr. Mullins noted that Mr. D. did not mention or otherwise indicate he had been injured.

On October 25, 2021, Mr. D. followed up with Erica Frye, P.A., of Family Health Care Center. He reported complaints of pain in his groin, back, thighs, and hips. He was diagnosed with a strain of abdominal muscle and a varicocele. On January 31, 2022, the claims administrator denied Mr. D.'s claim. The claim administrator found Mr. D. did not submit medical evidence establishing that an injury occurred.

Mr. D. was subsequently treated on two occasions for symptoms related to the alleged compensable injury. On February 5, 2022, Mr. D. returned to the CAMC emergency department, complaining of abdominal pain. According to the treatment note, Mr. D. was diagnosed with an abdominal wall strain. Two days later, on February 7, 2022, Mr. D. was seen at Thomas Memorial Hospital, where he was diagnosed with a groin strain.

On August 29, 2022, the Board issued the order subject to this appeal. The Board reversed the claim administrator, finding that a preponderance of the evidence established that Mr. D. had sustained an injury in the course of and resulting from his employment. The Board emphasized Mr. D.'s consistent symptoms and diagnoses and noted Dr. Abad's opinion that Mr. D. had sustained an occupational injury. Lastly, the Board determined that Mr. Mullins' statement did not serve to refute that an injury occurred; instead, it only established that Mr. Mullins did not realize Mr. D. had sustained an injury. The Board held the claim compensable for an abdominal strain and a groin strain.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;

2

(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or

(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, No. 22-ICA-10, __ W. Va. __, __, __ S.E.2d __, __, 2022 WL 17546598, at *4 (Ct. App. 2022).

On appeal, the County BOE reasserts its arguments below, including that the record cannot support a finding that Mr. D. suffered an injury in the course of and resulting from his employment. Additionally, the County BOE argues that Mr. D.'s medical records reveal inconsistent complaints and symptoms, undermining the Board's compensability finding.

After reviewing the record, we conclude that the Board did not err in finding Mr. D.'s claim compensable for an abdominal strain and a groin strain.

We note that the County BOE contends that Mr. Mullins' statement refutes any finding that Mr. D. was injured when lifting the grocery cart into the dumpster. However, the Board addressed this point below and was not clearly wrong when it found that Mr. Mullins' statement merely proves Mr. Mullins was unaware of Mr. D.'s injury. Moreover, the Board was not clearly wrong in finding that Mr. D. sustained an abdominal strain and a groin strain. The only medical evidence submitted to the Board established abdominal and groin strains, and the County BOE did not submit any medical evidence to support its position that Mr. D.'s medical complaints were inconsistent or otherwise invalid.

In light of the record, we cannot find that the Board was clearly wrong in reversing the claim administrator's order rejecting the claim as noncompensable.

Accordingly, we affirm.

Affirmed.

**ISSUED:** February 2, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen

3